J-S15007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| TROY TAQUELL ALVIN | : | |
| Appellant | : | No. 1526 EDA 2021 |

Appeal from the Order Entered June 14, 2021
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001323-2003

BEFORE: NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.: **FILED AUGUST 8, 2022**

Appellant Troy Taquell Alvin appeals *pro se* from the order denying his motion for DNA testing pursuant to Section 9543.1 of the Post Conviction Relief Act (PCRA).[1] Appellant argues that the PCRA court erred in denying his motion as untimely and by failing to hold a ***Frye*** hearing.[2] Appellant also asserts that the PCRA court erred by failing to give Appellant notice that PCRA counsel had been appointed. Lastly, Appellant claims that PCRA counsel was ineffective. We affirm in part, vacate in part, and remand for further proceedings.

The underlying facts of this matter are well known to the parties. ***See Commonwealth v. Alvin***, 2206 EDA 2004 at 1-5 (Pa. Super. filed June 28,

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] ***Frye v. United States***, 293 F. 1013 (D.C. Cir. 1923).

2005) (unpublished mem.). Briefly, in 2002, Ronald Plum was shot and killed at 7th and Bushkill Streets in Easton. Shortly after the shooting, a resident at 915 Bushkill Street called the police about a suspicious black male in the backyard. Other witnesses also reported that they saw a black male running from the location where the shooting occurred. By the time the police arrived, the black male had fled. However, police discovered a blue head covering commonly known as a "doo-rag" in the resident's yard. A police tracking dog followed the scent from the doo-rag back to the area of the shooting. The dog also followed the scent from the yard to 10th Street. A DNA test was performed on the doo-rag and Appellant could not be excluded as the donor of the DNA found on it.

Appellant was ultimately arrested and charged with first degree murder and related offenses. At trial, the Commonwealth presented witness testimony establishing that Appellant received a ride from the area of the shooting shortly after it occurred, he told several people that he had killed a man, and Appellant had been in contact with the victim regarding a marijuana sale prior to the shooting. The Commonwealth also presented evidence that Appellant had access to a firearm of the same caliber used in the shooting. However, the ballistics analysis examination could not match the gun to the bullets from the crime scene because the gun's barrel had been changed before it was recovered by police.

On February 16, 2004, a jury convicted Appellant of first-degree murder,[3] and the trial court sentenced Appellant to life imprisonment that same day. This Court affirmed Appellant's judgment of sentence. *See id.* On April 4, 2006, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Alvin*, 897 A.2d 1183 (Pa. 2006).

Between June 2006 and September 2016, Appellant filed six PCRA petitions, further, all were denied relief except one.[4]

On December 21, 2020, Appellant filed a *pro se* motion for DNA testing. Appellant requested that the State Police conduct additional DNA testing on the doo-rag using a new testing method known as the TrueAllele probabilistic genotyping software program. Mot. for DNA Testing, 12/21/20, at 3-4, 7. In support of his motion, Appellant asserted that TrueAllele had been evaluated in peer-reviewed studies in 2009 and 2011. *Id.* at 7. Appellant also cited studies from 2005 and 2013 which examined DNA mixture interpretation. *Id.* at 4, 6. Appellant also claimed that DNA testing would establish his actual innocence because it could reveal the identity of the actual assailant when compared to results in state and federal DNA databanks. *Id.* at 5.

_____

[3] 18 Pa.C.S. § 2502(a).

[4] On August 31, 2009, the PCRA court granted Appellant's second PCRA petition seeking reinstatement of his right to file a petition for allowance of appeal with the Pennsylvania Supreme Court *nunc pro tunc*. The Court ultimately denied Appellant's petition for allowance of appeal. *Commonwealth v. Alvin*, 992 A.2d 123 (Pa. 2010).

The PCRA court appointed Talia Mazza, Esq. (PCRA counsel) as counsel for Appellant. PCRA counsel did not file an amended motion. On April 20, 2021, the Commonwealth filed a response to Appellant's motion, arguing that the motion should be denied because Appellant failed to establish a *prima facie* case that new testing would tend to establish his innocence. **See** Commonwealth's Resp. to Request for DNA Testing, 4/20/21, at 2 (unpaginated). The Commonwealth also contended that the motion was untimely for several reasons, including the fact that Appellant cited a DNA study that was published in 2013. On June 14, 2021,[5] the PCRA court denied Appellant's motion and vacated PCRA counsel's appointment.

The trial court docketed Appellant's *pro se* notice of appeal on July 19, 2021. On August 3, 2021, the PCRA court ordered Appellant to comply with Pa.R.A.P. 1925(b) within twenty-one days, *i.e.*, August 24, 2021. PCRA Ct. Order, 8/3/21. Although Appellant timely filed a Rule 1925(b) statement with this Court on August 23, 2021, he did not file one in the PCRA court, nor did he serve a copy on the PCRA court judge. On September 15, 2021, the PCRA court filed a Rule 1925(a) opinion stating that because Appellant failed to

_____

[5] Although the order dismissing Appellant's motion was dated and marked on the docket on June 9, 2021, the docket entries reflect that the PCRA court served Appellant with the order on June 14, 2021. Accordingly, we refer to June 14, 2021, as the date of the order and have amended the caption accordingly. **See Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa. Super. 2000) (stating that "[i]n a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket" (citations omitted)); **see also** Pa.R.Crim.P. 114(C)(2)(c); Pa.R.A.P. 108(a)(1), (d)(1).

timely file a Rule 1925(b) statement or a motion for extension of time, he waived all of his issues.  PCRA Ct. Op., 9/15/21, at 1-2.

On August 25, 2021, this Court issued a rule to show cause as to why the appeal should not be quashed as untimely.  *See* Order, 8/25/21. Appellant filed a *pro se* response indicating that he had provided the notice of appeal to prison authorities for mailing on July 7, 2021, and attached copies of the cash slips.  *See* Resp. to Rule to Show Cause, 9/7/21, at 1-6 (unpaginated).  This Court subsequently discharged the rule to show cause and referred the issue to this panel for disposition.

### Timeliness of the Appeal

Initially, we must resolve whether we have jurisdiction over the instant appeal.  "It is well settled that the timeliness of an appeal implicates our jurisdiction and may be considered *sua sponte*.  Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." ***Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011) (citations and quotation marks omitted).  Generally, an appellant invokes this Court's jurisdiction by filing a notice of appeal within thirty days of the entry of the order being appealed.  *See* Pa.R.A.P. 903(a).

Our Supreme Court has stated that a *pro se* prisoner's notice of appeal will be deemed filed when it is placed in a prison mailbox or deposited with prison authorities for mailing. ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (discussing the "prisoner mailbox" rule).  The *pro se* prisoner "bears the burden of proving that he or she in fact delivered the appeal within

- 5 -

the appropriate time period." *Id.* However, in making this inquiry, we are "inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities." *Id.* Examples of such evidence include a cash slip "noting both the deduction from [the appellant's prison] account for the mailing to the prothonotary and the date of the mailing[.]" *Id.*

As stated above, the trial court entered the order denying Appellant's motion on June 14, 2021, and Appellant had thirty days in which to file a timely appeal. *See* Pa.R.A.P. 903(a). The thirtieth day was July 14, 2021. Appellant has provided copies of a cash slip indicating that he deposited his notice of appeal with prison authorities for mailing on July 7, 2021. *See* Resp. to Rule to Show Cause at 4-6 (unpaginated). Therefore, Appellant's notice of appeal is timely filed.[6] *See Jones*, 700 A.2d at 426.

### Compliance with Pa.R.A.P. 1925(b)

Before we consider Appellant's arguments, we must determine whether Appellant complied with Rule 1925(b). Both the Commonwealth and PCRA court have concluded that because Appellant did not file a 1925(b) statement,

---

[6] Appellant erroneously filed his notice of appeal with the Prothonotary of this Court, instead of with the clerk of the trial court, as required under Pa.R.A.P. 902 and 905(a)(1). Our Prothonotary stamped the notice of appeal with the date of receipt, July 12, 2021, and sent it to the Northampton County Court of Common Pleas to be docketed pursuant to Pa.R.A.P. 905(a)(4) (setting forth the procedure for handling a notice of appeal filed in an incorrect office within the Unified Judicial System).

he has waived his issues.  Commonwealth's Brief at 7-9; PCRA Ct. Op., 9/15/21, at 1-2.

Rule 1925(b) states in pertinent part:

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**—If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

\* \* \*

(3) *Contents of order*.—The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement.  In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(3).

To give effect to these provisions, the Pennsylvania Supreme Court has established a bright line rule that, "in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them

- 7 -

to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (citation and brackets omitted).

However, our appellate courts have recognized that noncompliance with Rule 1925(b) only results in waiver where the trial court has complied with notice requirements of Rule 1925(b). ***See, e.g.***, ***Berg v. Nationwide Mutual Insurance Co.***, 6 A.3d 1002, 1011 (Pa. 2010) (plurality); ***Rahn v. Consol. Rail Corp.***, 254 A.3d 738, 746-47 (Pa. Super. 2021).[7]

In ***Rahn***, this Court held that the appellant's failure to serve a Rule 1925(b) statement on the trial court did not result in waiver because the trial court's Rule 1925(b) order did not include an address where the appellant could serve a copy of his statement on the trial court judge as required by Rule 1925(b)(3)(iii). ***Rahn***, 254 A.3d at 746-47. Further, this Court has concluded that an appellant did not waive his issues when the appellant timely filed a concise statement with this Court instead of the trial court and when the trial court's order did not comply with the notice requirements of Rule 1925(b)(3)(iii). ***See Reverse Mortgage Funding, LLC v. Russo***, 919 EDA 2020, 2020 WL 5890760 at *2-3 (Pa. Super. filed Oct. 5, 2020) (unpublished

---

[7] "The Rules of Appellate Procedure apply to criminal and civil cases alike." ***Commonwealth v. Levanduski***, 907 A.2d 3, 29 n.8 (Pa. Super. 2006) (*en banc*) (citing, *inter alia*, ***Lineberger v. Wyeth***, 894 A.2d 141, 148 n.4 (Pa. Super. 2006)).

mem.) (**Russo**).[8] Specifically, waiver is not applicable when the trial court's 1925(b) order failed to inform the appellant where the statement must be filed and failed to provide an address for the appellant to serve the trial court judge with a copy of the statement. **Id.**, 2020 WL 5890760 at *3. The **Russo** Court further explained that appellant's filing of the concise statement with this Court was not erroneous because under the Rules of Appellate Procedure, "[a] filing in the wrong court is to be transferred to the proper court, not disregarded." **Id.**, 2020 WL 5890760 at *3 (citing Pa.R.A.P. 751, 905(a)(4)).

Here, the PCRA court's Rule 1925(b) order stated as follows:

> [I]t is hereby ordered that, within twenty-one (21) days of the date of this order, [Appellant] shall file of record and shall concurrently serve the undersigned with a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b)(1). Any issue not properly included in such a statement timely filed and served pursuant to Rule 1925(b)(1) shall be deemed waived.

PCRA Ct. Order, 8/3/21 (some formatting altered).

Instantly, the PCRA court's 1925(b) order does not comply with Rule 1925(b)(3)(iii)'s requirement to indicate an address for Appellant to serve the PCRA court, therefore, we conclude that Appellant's failure to serve the PCRA court does not result in waiver. **See Rahn**, 254 A.3d at 746-47. Further, Appellant's timely filing of his statement with this Court instead of with the PCRA court also does not result in waiver because "[a] filing in the wrong court

---

[8] **See generally** Pa.R.A.P. 126(b) (noting that unpublished memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

is to be transferred to the proper court, not disregarded." ***See Russo***, 2020 WL 5890760 at *3 (citations omitted). Therefore, we will address the merits of Appellant's claims.

On appeal, Appellant raises the following issues for our review, which we have reordered as follows:

1. Whether the PCRA court abused its discretion in determining the request for DNA testing was untimely.

2. Whether the PCRA court abused its discretion in determining the request for DNA testing was untimely because the testing method was developed one year after [Appellant's] February 16, 2004, conviction.

3. Whether the PCRA court abused its discretion in determining the request for DNA testing was untimely because petitioner did, not raise the issue of DNA testing in his 2016 PCRA, in spite of, the fact petitioner showing the testing method requested did not became known to him until the year 2019.[fn2]

4. Whether the PCRA court abused its discretion in determining the request for DNA testing was untimely, in spite of, the fact the evidence sought to be tested was discovered prior to [Appellant's] conviction and was not subject to the DNA testing method requested because, it was not yet in existence at the time of [Appellant's] trial and would now provide substantially more accurate and substantially probative results.[fn2]

5. Whether the PCRA court abused its discretion when it determined [Appellant] was not entitled to counsel where counsel Talia Mazza was ineffective for failing to request the PCRA court conduct a ***Frye*** hearing to challenge the Commonwealth's expert DNA analyst's scientific methodology and or the reliability of the scientific method utilized to render his opinion in light of, the findings of the MIX05 and MIX13 study referenced in [Appellant's] original request for DNA testing.

6. Whether the PCRA court abused its discretion when it failed to order a ***Frye*** hearing to assess the reliability of the

- 10 -

Commonwealth's expert DNA analyst scientific methodology employed to render; its opinion, that [Appellant] could not be excluded as a contributor to a mixture of DNA rendered from a piece of evidence -found near the crime scene.[fn2]

7. Whether the PCRA court abused [its] discretion when it failed to give [Appellant] notification that counsel Talia Mazza had been appointed as PCRA counsel, where the record shows counsel Mazza was appointed for the express purpose of denying [Appellant] the right to amend his petition to include the request for a *Frye* hearing before the court issued [its] Pa.R.Crim.P. 907[] intent to dismiss.[fn2]

> [fn2] Items 3, 4, [6], and 7 are subsumed due to their duplicity in argument and supporting facts.

Appellant's Brief at 4-5 (formatting altered).

**Motion for DNA Testing**

Appellant's first four issues relate to the denial of his motion for DNA testing.[9] Appellant argues that the PCRA court erred in dismissing his motion for DNA testing as untimely. *Id.* at 10-16. Specifically, Appellant claims that he timely filed his motion after he discovered the existence of TrueAllele, a new DNA testing technique that was not available at the time of his trial. *Id.*

_____

[9] Although Appellant presents seven distinct questions on appeal, he notes that four of them are subsumed into his other issues. Further, Appellant did not divide the argument section of his brief into separate sections for each question. *See* Pa.R.A.P. 2119(a) (stating that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"). We do not condone Appellant's failure to comply with the Rules of Appellate Procedure, but because the noncompliance does not impede our review, we decline to find waiver on this basis. *See, e.g., Commonwealth v. Levy*, 83 A.3d 457, 461 n.2 (Pa. Super. 2013) (declining to find waiver on the basis of the appellant's failure to comply with the Rules of Appellate Procedure, where the errors did not impede this Court's review).

- 11 -

at 11-12, 14-16. Appellant asserts that he read a *Criminal Legal News* article describing a U.S. government inter-laboratory study in April of 2019. ***Id.*** at 16, Ex. F (*Criminal Legal News* article). Appellant states that he obtained that study on December 15, 2019, which reported on TrueAllele's ability to separate out individual DNA profiles from a sample containing a mixture of DNA from multiple sources. ***Id.*** at 11-12, 16, Ex. G (*Forensic Science International: Genetics* article). Appellant contends that his motion was timely because he filed it within a year of obtaining a copy of the study. ***Id.*** at 12, 16.

Appellant also argues that a DNA test on the doo-rag using TrueAllele would establish his actual innocence because it would exclude him as a contributor for the DNA found on the doo-rag and identify the "real perpetrator." ***Id.*** at 14-16.

In reviewing Appellant's claims, our standard of review is as follows:

Generally, the trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. When reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements listed in Section 9543.1. We can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm.

***Commonwealth v. Walsh***, 125 A.3d 1248, 1253 (Pa. Super. 2015) (citation omitted).

Section 9543.1 provides in relevant part:

(1) An individual convicted of a criminal offense in a court of this Commonwealth may apply by making a written motion to the

sentencing court at any time for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

(2) The evidence may have been discovered either prior to or after the applicant's conviction. The evidence shall be available for testing as of the date of the motion. If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the evidence was subject to the testing, but newer technology could provide substantially more accurate and substantially probative results,[10] or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

42 Pa.C.S. § 9543.1(a)(1)-(2).

It is well settled that a request for DNA testing under Section 9543.1 is not subject to the PCRA time bar. *See Commonwealth v. Williams*, 35 A.3d 44, 50 (Pa. Super. 2011). Rather, "DNA testing may be sought at any time if the motion is made in a timely manner and for the purpose of demonstrating the applicant's actual innocence and not to delay the execution of sentence or administration of justice." 42 Pa.C.S. § 9543.1(a)(4); *see also id.* at § 9543.1(d)(1)(iii) (providing that the court shall order DNA testing if the court concludes, among other things, that the motion was made in a timely manner).

---

[10] The clause permitting DNA testing on the basis that "the evidence was subject to the testing, but newer technology could provide substantially more accurate and substantially probative results" was added to Section 9543.1(a)(2) on December 24, 2018. *See* Act of Oct. 24, 2018, P.L. 896, No. 147, § 1.

"In analyzing timeliness for purposes of Section 9543.1(d)(1)(iii), the court must consider the facts of each case to determine whether the applicant's request for post-conviction DNA testing is to demonstrate his actual innocence or to delay the execution of sentence or administration of justice." *Walsh*, 125 A.3d at 1255.

Additionally, an individual seeking relief under this statute must present a *prima facie* case demonstrating that the

> (i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in applicant's conviction and sentencing; and
>
> (ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:
>
>> (A) the applicant's actual innocence of the offense for which the applicant was convicted[.]

42 Pa.C.S. § 9543.1(c)(3)(i)-(ii)(A); *see also id.* at § 9543.1(d)(1)(iii), (d)(2)(i) (addressing actual innocence requirements).

> Further, this Court has explained that
>
> the mere absence of a defendant's DNA, by itself, does not satisfy the "actual innocence" requirement under section 9543.1(d)(2)(i). Rather, a petitioner must present some quantum of additional evidence in addition to the absence of petitioner's DNA to establish entitlement to relief.
>
> The quantum of evidence necessary to satisfy section 9543.1(d)(2)(i) above and beyond the absence of the applicant's DNA has never been explicitly defined and must be evaluated on a case-by-case basis.

*Commonwealth v. Tyler*, 234 A.3d 750, 754 (Pa. Super. 2020) (citations and footnote omitted).

Additionally, this Court has stated that this standard requires "a reviewing court to make a probabilistic determination about what reasonable, properly instructed jurors would do, if presented with the new evidence." *Commonwealth v. Conway*, 14 A.3d 101, 109 (Pa. Super. 2011) (citation omitted and formatting altered). To do so, the PCRA court "is required to review not only the motion for DNA testing, but also the trial record, and then make a determination as to whether there is a reasonable possibility that DNA testing would produce exculpatory evidence that would establish petitioner's actual innocence." *Williams*, 35 A.3d at 50 (citation omitted and formatting altered).

Here, the PCRA court addressed the timeliness of Appellant's request for DNA testing as follows:

> In this case, it is clear that [Appellant's] request is untimely. [Appellant] was convicted in 2003, when DNA testing was available. In fact, the evidence that [Appellant] seeks to have tested was already subjected to DNA testing, and [Appellant's] DNA was found on the item. The testing method [Appellant] seeks to use was developed in 2005 and was refined in 2013, three years **after** [Appellant] filed his sixth PCRA petition in 2016. [Appellant] did not raise this issue in his 2016 PCRA petition.

PCRA Ct. Order, 6/14/21, at 3.

Based on our review of the record, we conclude that the PCRA court committed an error of law in ruling that Appellant's motion was untimely. We recognize that the evidence in this case was already tested for DNA in 2003 and that Appellant did not seek additional testing in his 2016 PCRA petition. However, prior to December of 2018, Section 9543.1 did not provide for DNA

- 15 -

testing of evidence that had previously been tested on the grounds that newer technology could provide substantially more accurate results. **See** 42 Pa.C.S. § 9543.1(a)(2) (am. eff. Dec. 24, 2018). Although Appellant cited to studies that were conducted in 2013 and 2005, the journal article describing those studies was not published until August 1, 2018. Appellant's Brief, Ex. G. Further, Appellant did not learn about that study until April of 2019, and obtained a copy of it in December of 2019. **Id.** at 11-12, 16, Ex. F. Appellant filed the instant motion within a year of obtaining a copy of the study. Based on the facts of the instant case, we conclude that Appellant filed his motion for DNA testing in a timely manner, and that the PCRA court erred in denying Appellant's motion on that basis. **See Walsh**, 125 A.3d at 1253, 1255.

In addition to a timely filing, Appellant must also establish a *prima facie* case that the requested DNA testing, assuming that the results are exculpatory, would establish Appellant's actual innocence. Here, the PCRA court did not address the actual innocence prong. **See Williams**, 35 A.3d at 50 (explaining that the PCRA court must review the motion and the trial court record to determine "whether there is a reasonable possibility that DNA testing would produce exculpatory evidence that would establish actual innocence"); **see also Conway**, 14 A.3d at 109. Therefore, we are constrained to remand this matter for the PCRA court to determine whether Appellant has presented a *prima facie* case that DNA testing would establish Appellant's actual innocence.

**Ineffective Assistance of Counsel**

In his next issue, Appellant argues that PCRA counsel was ineffective for failing to request a *Frye* hearing to challenge the Commonwealth's DNA expert. Appellant's Brief at 16-19. Appellant also contends that PCRA counsel did not follow the correct procedures to withdraw as counsel in a PCRA matter. *Id.* at 17-18 (citing, *inter alia*, **Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2017) (discussing the procedure for PCRA counsel to withdraw under **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)).

Appellant has raised his claim of PCRA counsel's ineffectiveness for the first time on appeal. However, in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), our Supreme Court adopted a new rule allowing PCRA petitioners to "raise claims of ineffective PCRA counsel at the first opportunity, even if on appeal." **Bradley**, 261 A.3d at 405. In reaching that conclusion, the **Bradley** Court emphasized the need to preserve a petitioner's right to effective PCRA counsel. *Id.*

This Court has explained that

> to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of

counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

* * *

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

**Commonwealth v. Sandusky**, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered).

However, it is well established that Section 9543.1 does not confer a right to counsel upon a petitioner to pursue a DNA testing claim. **Commonwealth v. Brooks**, 875 A.2d 1141, 1147 (Pa. Super. 2005); **compare Commonwealth v. Laboy**, 230 A.3d 1134, 1138-39 (Pa. Super. 2020) (recognizing that under Pa.R.Crim.P. 904(D), a PCRA petitioner has a right to appointed counsel for a second or subsequent PCRA petition where the PCRA court determines an evidentiary hearing is necessary to resolve the issues raised in the petition). Further, claims related to trial counsel's ineffectiveness regarding DNA testing are not cognizable in a motion for DNA testing. **See Walsh**, 125 A.3d at 1252.

This Court has explained:

When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Pa.R.A.P. 2119(a), (b), (c). Citations to authorities must articulate the principles for which they are cited. Pa.R.A.P. 2119(b).

- 18 -

> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived. Pa.R.A.P. 2101.

*Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2012) (some citations omitted); *see also Commonwealth v. Wholaver*, 903 A.2d 1178, 1184 (Pa. 2006) (holding that an appellate court may find waiver *sua sponte*).

Although the PCRA court appointed counsel in this matter, Section 9543.1 does not confer a right to counsel with respect to a motion for DNA testing. *Cf. Brooks*, 875 A.2d at 1147. Moreover, the PCRA court subsequently vacated the appointment of PCRA counsel. In any event, Appellant, now proceeding *pro se*, has failed to develop his argument regarding how PCRA counsel was ineffective during the brief time she represented Appellant. Appellant has not presented argument regarding his ineffective assistance of counsel claim beyond boilerplate assertions that PCRA counsel was ineffective for failing to request a *Frye* hearing that would call into question the DNA evidence presented at his trial as part of the motion for DNA testing proceedings.[11] Therefore, we conclude that Appellant has waived this claim on appeal. *See* Pa.R.A.P. 2119(a), (b); *Hardy*, 918 A.2d at 771.

---

[11] Additionally, a petitioner's burden in a motion for DNA testing is to establish a *prima facie* case that the requested DNA testing would establish the petitioner's actual innocence. *See* 42 Pa.C.S. § 9543.1(c)(3)(i)-(ii)(A), (d)(1)(iii). Relief is limited to granting the motion. *See id.* at § 9543.1(d)(1). If the motion is granted and the DNA test results are exculpatory, a petitioner must then file a PCRA petition to obtain additional relief. *See*
*(Footnote Continued Next Page)*

**Appellant's Additional Claims**

Appellant also claims that the PCRA court erred by not holding a **Frye** hearing and by failing to serve him notice of appointment of PCRA counsel that the PCRA court subsequently vacated. Appellant's Brief at 4-5. Appellant did not present any separate argument regarding these issues. Instead, Appellant contends that these issues are subsumed in the other arguments in his brief. **Id.** at 5 n.2.

We disagree. These claims are distinct from Appellant's ineffective assistance of counsel claim. **See, e.g.**, **Commonwealth v. Derk**, 913 A.2d 875, 883 n.6 (Pa. Super. 2006) (stating that "an ineffective assistance of counsel claim is a separate legal issue distinct from the underlying substantive claim for which counsel allegedly had provided ineffective assistance" (citation omitted)). Therefore, under our Rules of Appellate Procedure, Appellant is required to present separate argument for these issues. **See** Pa.R.A.P. 2119(a); **Hardy**, 918 A.2d at 771. Appellant has waived these issues because he failed to develop them with any argument in his brief. **See Hardy**, 918 A.2d at 771.

---

**Commonwealth v. Gacobano**, 65 A.3d 416, 419 (Pa. Super. 2013); 42 Pa.C.S. § 9543.1(f). Therefore, a **Frye** hearing regarding the accuracy of the original DNA test results presented at trial is beyond the limited scope of a motion for DNA testing. **See id.**; 42 Pa.C.S. § 9543.1; **see also Walsh**, 125 A.3d at 1252 (holding that claim of trial counsel ineffectiveness regarding DNA testing is not cognizable in a motion for DNA testing). Counsel cannot be ineffective for failing to pursue or raise a meritless claim. **See Commonwealth v. Fears**, 86 A.3d 795, 801 (Pa. 2014).

- 20 -

For these reasons, we affirm the PCRA court's order insofar as it vacated the appointment of counsel for Appellant, vacate PCRA court's order denying Appellant's motion for DNA testing, and remand for the PCRA court to determine whether Appellant's motion has established a *prima facie* case demonstrating that DNA testing, assuming exculpatory results, would establish Appellant's actual innocence.

Order affirmed in part and vacated in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2022